**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TIMOTHY LEE DENNISON,**
        **Petitioner,**


**v.**                                          **Civil Action No.: 3:18-CV-12
                                            (GROH)**


**WARDEN ENTZEL,**
            **Respondent.**

**REPORT AND RECOMMENDATION**

### I.    INTRODUCTION

On May 29, 2018, the *pro se* Petitioner initiated this action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1[1].  Petitioner is a federal inmate housed at Hazelton USP who is challenging the validity of his conviction imposed in the United States District Court for the District of Maryland, case number 1:11-CR-619. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II.    FACTUAL AND PROCEDURAL HISTORY[2]

### A.    Petitioner's Conviction and Sentencing

On November 16, 2011, an indictment was returned against Petitioner and three co-defendants in the District of Maryland, case number 1:11-CR-619.  ECF No. 19.  The

---

[1]  All CM/ECF references are to the instant case, 3:18-CV-12, unless otherwise noted.

[2]  All CM/ECF references in Facts sections II.A., II.B and II.C. refer to entries in the docket of Criminal Action No. 1:11-CR-619, District of Maryland, unless otherwise noted. The information taken from Petitioner's criminal docket in the United States District Court for the District of Maryland is available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

two-count indictment charged Petitioner and his co-defendants with conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) in Count 1, and with attempt to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 in Count 2.  Id.  On February 8, 2012, Petitioner was named in a two-count superseding indictment, which charged the same offenses, but included additional co-defendants.  ECF No. 37.

On August 8, 2012, Petitioner entered a plea of guilty to Count 1 of the superseding indictment pursuant to a written plea agreement filed with the Court.  ECF Nos. 67, 70.  Count 2 of the superseding indictment was dismissed as a term of the plea agreement.  ECF No. 67.

On October 2, 2012, Petitioner was sentenced by the District Court to imprisonment for 180 months, with credit for time served since November 11, 2011. ECF No. 92 at 2.

**B.     Direct Appeal**

Petitioner did not appeal his conviction or sentence.

**C.     Petitioner's Attempts for Post-Conviction Relief**

On May 22, 2015, Petitioner filed a motion to reduce his sentence based on the United States Sentencing Commission decision to make Amendment 782 retroactive. ECF No. 147.   On January 4, 2016, Petitioner filed another motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.  ECF No. 151.  On November 15, 2016, the District Court ordered the Government to respond to the two pending motions to reduce sentence.  ECF No. 153.  On December 8, 2016, before the Government had replied, Petitioner filed a *pro se* motion requesting permission to file a

second[3] successive petition pursuant to 28 U.S.C. § 2255.  ECF No. 155.  On January 19, 2017, the Government filed a motion to dismiss the Petitioner's motion to vacate pursuant to § 2255.  ECF No. 157.  Petitioner filed a reply to the response on February 17, 2017.  ECF No. 158.  The Government filed a response in opposition thereto on April 28, 2017.  ECF No. 159.  Attached thereto was a November 21, 2016, memorandum prepared by a supervisory probation officer which found Petitioner ineligible for a reduction in sentence pursuant to the 782 Amendment.  ECF No. 159-1. The memo states:

> The defendant is a Career Offender and not eligible for a reduction pursuant to the 782 Amendment.  Although the defendant received the benefit of a C Plea, it is clear his sentence of 180 months was not based on the guidelines. Before the Career Offender designation, the defendant had a total offense level of 29 and a criminal history category of V, for a custody range of 140 to 175 months.  Since his sentence of 180 months was not based on the drug guidelines, along with this designation of Career Offender, the defendant is not eligible for a further reduction under Amendment 782.

Id.  Thereafter, on July 19, 2017, Petitioner filed a motion for voluntary dismissal of the request for permission to file a second successive § 2255 petition. ECF No. 163.  By Order entered July 21, 2017, the District Court denied Petitioner's motions [ECF Nos. 147, 151] to reduce sentence, granted his motion [ECF No. 163] to voluntarily dismiss the motion under § 2255, and dismissed Petitioner's motion [ECF No. 155] requesting permission to file a second successive petition under § 2255.  ECF No. 164.  In that order, the District Court explained that the Government opposed Petitioner's motions to

---

[3]   Although Petitioner styled his motion as "Requesting for Permission to File a Second Successive Petition § 2255 Pursuant to 2255(F)(3), the record does not demonstrate the Petitioner ever filed a first petition pursuant to § 2255.  When the District Court later dismissed this motion, it appears that the Court referenced the motion as a "second successive", consistent with the motion as titled by Petitioner.

reduce sentence under Amendment 782 "because he was sentenced as a career offender under U.S.S.G. §4B1.1," and Petitioner does not qualify for sentence reduction under § 3582(c)(2) "because he was sentenced pursuant to a Rule 11(c)(1)(C) plea, and not to a term of confinement based upon a guideline range that was subsequently lowered." Id. at 1 – 2.

**D.    Instant § 2241 Petition**

Petitioner initiated this action by filing a petition for habeas corpus on January 26, 2018, along with a nine-page memorandum in support of his petition.  ECF Nos. 1, 1-1. Petitioner also filed a motion for leave to exceed the five-page limitation.  ECF No. 2. By Order entered May 11, 2018, Petitioner's motion to exceed the page limitation was denied in part because Petitioner failed to comply with the instructions for filing his Court-approved form, and instead of providing supporting facts for each of his two grounds, instead wrote "See Attached Memorandum".  ECF No. 7 at 1.   Thereafter, Petitioner refiled the Court-approved form along with a four-page typewritten memorandum of law, and a single-page sworn declaration of the Petitioner.  ECF Nos. 9, 9-1, 9-2.  In the refiled Court-approved form, Petitioner articulates two grounds for relief: (1) that counsel was ineffective when he advised Petitioner to plead guilty and receive a 15-year sentence and counsel "fail[ed] to properly argue his career offender enhancement" [ECF Nos. 9 at 5, 9-1 at 1]; and (2) that Petitioner's plea was unconstitutional, in that it was not knowing and voluntary, because it was based on misinformation from his counsel that Petitioner was a career offender [ECF Nos. 9 at 5 – 6, 9-1 at 1].   The essence of Petitioner claims is that "he is not, nor was he ever a career offender", thereby his counsel's advice to enter a plea based on Petitioner's

4

career offender status constituted ineffective assistance and made Petitioner's plea involuntary, which thereby invalidated his conviction and sentence[4].  ECF No. 9-1 at 1.

Both grounds raised in the petition and memorandum are appropriate for disposition under § 2255, however, in light of the holding of United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018, the undersigned addresses those grounds on their merits.

### III.   LEGAL STANDARD

### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and

---

[4]  Although the petition itself challenges only Petitioner's conviction, the memorandum attacks his sentence and conviction.  ECF Nos. 9 at 1, 9-1 at 4.

must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison

---

[5]   The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[6] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id. In Lester v. Flournoy, 999 F.3d 708 (4th Cir. 2018),

## IV.   ANALYSIS

Petitioner does not seek relief under any permissible ground in his § 2241 petition.   Petitioner's two grounds for relief assert that his counsel was ineffective in advising him in plea negotiations, and that but for such ineffective advice, Petitioner would have insisted on proceeding to trial, rather than entering a guilty plea.  ECF No. 9 at 5 - 6.  Petitioner challenges both his conviction and sentence and asks this Court to vacate his guilty plea so he may proceed to trial or new plea entry "being fully and properly informed".  Id. at 8.   His claims are unrelated to either the execution of sentence or calculation of sentence by the Bureau of Prisons.  Instead his claim relates to the validity of the sentence imposed in the District of Maryland.  Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255 and should be treated as such.

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application.   Petitioner states that his petition concerns both his conviction and his sentence.  Accordingly, this Court must first apply the Jones standard to his claims.   Even if Petitioner satisfied the first and the third elements of Jones, the crime for which Petitioner was convicted, conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C § 846, remains a criminal offense.  Accordingly, therefore Petitioner cannot satisfy the second element of Jones.  Consequently, to the extent Petitioner attacks the validity of his conviction, he fails to establish that he meets the Jones requirements, and cannot demonstrate that § 2255 is an inadequate or ineffective remedy.

9

Next, the Court must review a petition which contests the imposed sentence under the four-part <u>Wheeler</u> test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.  Petitioner asserts that he is entitled to relief because his counsel incorrectly advised him that he qualified as a career offender.  ECF No. 9-1.  Although he qualified as a career offender, Petitioner was not sentenced as a career offender.  The District Court at sentencing acknowledged that Petitioner had "two felony drug convictions, which make [Petitioner] a career offender."  D.Md. 1:11-CR-619, ECF No. 169 at 10:24 – 25.  In pronouncing sentence, the Court stated:

> Mr. Dennison is 22 years old and . . . has two adult convictions for possession with intent to distribute CDS in 2008 and 2009.  The offense of conviction today was committed while he was on probation.  His ten criminal history points would have placed him in Criminal History Category V.  He is, however, a career offender and therefore a Criminal History Category VI.

<u>Id.</u> at 12:15 – 23.  Notwithstanding, Petitioner's qualification as a career offender, the plea he entered was binding upon the Court under Federal Rule of Criminal Procedure 11(c)(1)(C), for 180 months.  D.Md. 1:11-CR-619, ECF No. 67 at 4, ¶ 8.  At sentencing, the District Court recognized that but for the terms of the plea agreement, the advisory sentencing guidelines range for Petitioner was 267 to 327 months.  D.Md. 1:11-CR-619, ECF No. 169 at 13:2 – 3.  By sentencing Petitioner to 180 months in accordance with the terms of the binding plea agreement, he was not sentenced as a career offender.  Accordingly, at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of Petitioner's sentence.

However, Petitioner cannot meet the second element of the <u>Wheeler</u> test, as any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review.  Because Petitioner cannot meet the second prong of the <u>Wheeler</u> test, this Court does not need to consider the third or fourth parts of the test.[7]  It is clear that Petitioner attacks the validity of his sentence, but fails to establish that he meets all four of the <u>Wheeler</u> requirements. Accordingly, Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241.

For all the above reasons, Petitioner's claim raised under § 2241 seeks relief that is instead properly considered under § 2255.   Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claim may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).  "[I]f a petitioner cannot satisfy the savings clause requirements, his or her § 2241 petition 'must be dismissed for lack of jurisdiction.'" <u>Wheeler</u>, 886 F.3d at 423, quoting <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010).

---

[7]  Under <u>Wheeler</u>, it appears that in a § 2241 proceeding a prisoner may, provided he meets the four-part <u>Wheeler</u> test, contest the imposition of sentence, in addition to permissibly contesting the execution of sentence in regard to the BOP's collection of restitution.

## V.    RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition [ECF Nos. 1 and 9] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** February 25, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE